FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E D N Y
★ MAR 2 5 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 08-CR-352 (JBW) |
| ) | |
| v. ) | Statement of Reasons Pursuant to |
| ) | 18 U.S.C. § 3553(c)(2) |
| ) | |
| ANGEL MANUEL ORTIZ-PORTALATIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On August 8, 2008, Angel Manuel Ortiz-Portalatin pled guilty to count one of a two-count indictment which charged that on April 29, 2008, the defendant imported cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(2)(B)(ii).

Ortiz-Portalatin was sentenced on February 27, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty-three and defendant's criminal history category to be four, yielding a guidelines range of imprisonment of between seventy and eighty-seven months. The offense carried a minimum term of imprisonment of five years and a maximum term of imprisonment of forty years. See 21 U.S.C. § 960(b)(2)(B). The guidelines range of fine was from $10,000 to $100,000. The open charge in the indictment was dismissed upon motion by the government.

Ortiz-Portalatin was sentenced to seventy months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense was serious because it involved the importation of a significant quantity of cocaine. It is apparent that the defendant experienced a difficult childhood and has a medical condition that may have contributed to his prior convictions for crimes committed prior to its diagnosis. A sentence at the low end of the guidelines range reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug importation will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation.

Jack B. Weinstein
Senior United States District Judge

Dated: March 13, 2009
Brooklyn, New York

3